UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| D.R., an individual,<br><br>                              Plaintiff(s),<br><br>     v.<br><br>TUSCANY SUITES, LLC, et al.,<br><br>                              Defendant(s). | Case No.2:25-CV-1517 JCM (NJK)<br><br>ORDER |

Presently before the court is plaintiff D.R.'s motion to set aside the clerk's entry of default. (ECF No. 21).

**I.     Background**

On October 27, 2025, plaintiff filed a motion for entry of clerk's default against defendants. (ECF No. 18).  The clerk of court entered default on November 12, 2025.  (ECF No. 19).

Soon thereafter, defendants contacted plaintiff's counsel to advise of their intent to respond; defendants have since sought representation to defend in this matter.  To date, no attorney appearances have been made on behalf of the defendants.  Plaintiff now requests the court to set aside default for good cause.

**II.    Legal Standard**

Under Federal Rule of Civil Procedure 55(c), the court may set aside an entry of default for "good cause."  To determine if good cause exists to set aside an entry of clerk's default, the court considers: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party."  *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal quotation marks omitted).

"[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.*

While the court considers the same factors prior to vacating an entry of default as it would a default judgment, the test is less stringent when a default judgment has not been entered. *See Hawaii Carpenters' Trust Funds. v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). Indeed, "[t]he court's discretion is especially broad where . . . it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wight Vineyards Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986).

### III. Discussion

The court is inclined to grant plaintiff's request to set aside the clerk's entry of default. Most convincing here is that plaintiff filed this motion and argues on behalf of defendants that there is good cause to set aside the entry of default.

Moreover, there is no evidence of culpable conduct leading to defendant's default. Rather, defendants' failure to respond was the product of their inadvertence. Defendant was actively seeking counsel but was unable to secure representation before the deadline. Upon receiving notice of the clerk's entry of default, defendant acted quickly to communicate this issue with plaintiff's counsel.

Setting aside default will not prejudice plaintiff for several reasons: (1) plaintiff filed the instant motion, indicating plaintiff will not be prejudiced; (2) no default judgment has been entered, nor has any discovery taken place; and (3) delay is minimal, so setting aside default will not impair plaintiff's ability to obtain evidence or prosecute the case.

Because the court strongly favors litigating the case on the merits, which is the only consequence of setting aside default here, plaintiff's motion to set aside default is granted. *See Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1091.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to set aside default (ECF No. 21) be, and the same hereby is, GRANTED.

Plaintiff is instructed to serve a copy of this order on defendants and file proof of service

1 | by January 12, 2026.

2 |       Defendants' counsel must make an appearance(s) in this case within fourteen days of
3 | service of this order. Thereafter, defendants have twenty-one days to file a responsive pleading to
4 | the complaint.

5 |       DATED January 13, 2026.

                                                _____
                                                UNITED STATES DISTRICT JUDGE